Dear Representative Walsworth:
Reference is made to your request for an Attorney General's Opinion regarding the legality of the use of Certificate of Deposit Account Registry Services ("CDARS") with respect to the investment of public funds by political subdivisions. Based upon the literature you provided, it is our understanding that banks who participate in the CDARS seek to offer their investors the ability to obtain full FDIC insurance coverage on investments larger than $100,000.
According to the literature provided with your request, CDARS is run by a financial intermediary company known as the Promontory Interfinancial Network. Through a bank's participation in CDARS, it obtains the ability to offer its investors the opportunity to place invested funds in a number of Certificates of Deposit, each in the amount of $100,000, at multiple institutions throughout the country. This permits the full amount invested to be eligible for FDIC insurance, even though the investor is only required to make arrangements for the Certificates through one bank.
As we understand the documentation included with your request, your question arises in light of LSA-R.S. 33:2955(A)(1)(d)(i), which authorizes and directs all "municipalities, parishes, school boards, and any other political subdivisions of the state" to invest the funds of the political subdivision which are "available for investment" in certain obligations, including "[t]ime certificates of deposit of any bank domiciled or having a branchoffice in the state of Louisiana ". (Emphasis supplied).
Respectfully, we must advise that in our opinion, investments by political subdivisions in the certificates of deposit of banks that are not domiciled in Louisiana, or that do not have a branch office in this state are simply not authorized by LSA-R.S.33:2955(A)(1)(d)(i). Political subdivisions do not have legislative authority to avail themselves of the benefits of the use of CDARS, or to enter into investment arrangements whereby the funds of the political subdivision would be placed or allocated to any institution other than a bank " domiciled in or having a branch office in the state ". The clear and limiting wording of LSA-R.S. 33:2955(A)(1)(d)(i) prohibits the use of CDARS or any other investment arrangement with respect to certificates of deposit if any portion of the funds of an investing political subdivision will thereby be placed in a bank that does not maintain at least a branch office within the state of Louisiana.
Please note that our office expresses no opinion as to the worthiness or soundness of CDARS or of any particular investment or investment arrangement, and it would be beyond the purview of this office to do so. Rather, as noted in Attorney General's Opinion No. 03-0378, which also pertains to investments permitted by LSA-R.S. 33:2955, it is the responsibility of this office to report upon the law as we find it, and as set forth by the legislature.
We trust the foregoing to be of assistance. Should you need further information, please do not hesitate to contact this office.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam